# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:06cv136

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| DEMETRIA S. ADAMS, | ) |
| Defendant. | ) |

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Plaintiff, the United States of America, has moved the Court pursuant to Fed. R. Civ. P. 55(b)(2), to enter a judgment by default, including an injunction, against the Defendant. It appears to the Court that the Defendant was duly served with process but failed to appear herein, and default was duly entered by the Clerk. Based thereon, the material allegations of the Complaint are deemed admitted, which supports the entry of this judgment and the injunction contained herein. The entry of this permanent injunction allows the Internal Revenue Service to assess

penalties against Demetria S. Adams for violations of the Internal Revenue Code.

The Court finds and concludes that the Court has jurisdiction over this action under 28 U.S.C. §§1340 and 1345 and under 26 U.S.C. §§7402, 7407, and 7408.

The Court further finds and concludes that Adams has engaged in conduct that is subject to penalty under §§6694, 6695, and 6701 of the Internal Revenue Code and that interferes with the enforcement of the internal revenue laws, to wit:

1. Beginning at least as early as 2001 and continuing to the present time, Adams has been preparing income tax returns for taxpayers.

2. During 2004, Adams prepared income tax returns through a business called Precise Tax. During 2005, Adams prepared income tax returns through an entity called D&S Tax Service. For both businesses, she also arranged to have the returns electronically filed with the Internal Revenue Service.

3. During 2004, Precise Tax filed at least 178 income tax returns for the 2003 tax year.

4. During 2005, D&S filed at least 223 income tax returns for the 2004 tax year.

5. The Internal Revenue Service conducted an investigation of Adams' tax preparation activities relating to the years 2004 and 2005.

6. The investigation determined that in preparing the tax returns, Adams overstated the amount of federal income tax withheld from wages, claimed excessive earned income credits, excessive education credits, fictitious deductions, and understated wages.

7. Adams prepared tax returns that understate the taxpayers' federal income tax liabilities by taking positions for which there was not a realistic possibility of being sustained on the merits. Adams knew or should have known that the positions taken could not be sustained on the merits and that the positions were frivolous.

8. Adams prepared income tax returns in which she failed to exercise due diligence in determining the taxpayer's eligibility for the earned income credit.

9. Adams prepared income tax returns and received compensation for these services, but she did not always sign such returns as the income tax return preparer.

10. Adams' return preparation activities interfere with the administration and enforcement of the internal revenue laws by the Internal Revenue Service.

11. It is appropriate to enjoin Adams' conduct because she aided, assisted, procured or advised taxpayers with respect to the preparation of a portion of their Federal income tax returns when she knew or had reason to believe that the portion of their Federal income tax returns would be used in connection with a material matter arising under the Federal tax laws, and Adams knew that the portion would result in a material understatement of the taxpayers' Federal income tax liabilities.

12. Because Adams understated income tax liabilities of her customers due to unrealistic positions, because she willfully attempted to understate tax liabilities, because she acted in reckless disregard for the Internal Revenue

4

laws, and because she did not sign returns as the return preparer even though she had prepared the returns and accepted compensation for such services, Adams has engaged in conduct subject to penalties under 26 U.S.C. §§6694 and 6695.

13. During 2004 and 2005, Adams continually and repeatedly prepared federal income tax returns which overstated the amount of refunds due to her customers.

14. According to the IRS's records, Precise Tax prepared 178 income tax returns for the 2003 tax year.

15. The Internal Revenue Service analyzed a sample of 33 of the 178 returns, and compared amounts on the returns with information provided to the Service by third parties such as Form W-2 statements containing wage and tax withholding information, records of non-wage income paid to taxpayers, and records of mortgage interest paid. Overstated refunds attributed to the 33 returns totaled $98,772, which is an average of $2,905 per return.

16. If all of the 178 returns prepared by Adams in 2004 contain similar errors, the harm to the United States

caused by Adams' return preparation is over $500,000 for that year.

17. According to the IRS's records, D&S Tax Service prepared 223 income tax returns for the 2004 tax year.

18. The Internal Revenue Service analyzed a sample of 41 of the 223 returns, and compared amounts reported on the returns with information provided to the Service by third-parties such as Form W-2 statements containing wage and tax withholding information, records of non-wage income paid to taxpayers, and records of mortgage interest paid. Overstated refunds attributed to these 41 returns totaled $138,133 which is an average of $3,369 per return.

19. If all of the 223 returns prepared by Adams in 2005 contain similar errors, the harm to the United States caused by Adams' return preparation is over $750,000.

20. The harm to the Government will increase if Adams is not immediately enjoined.

21. The harm to the Government is also manifested by the many hours already spent by IRS employees in reviewing

Adams-prepared tax returns and interviewing her customers, which is needed to determine whether or not the customers were entitled to the refunds reported on the tax returns. This harm to the Government will continue as the Internal Revenue Service continues to investigate Adams' customers and to assess and collect additional taxes owed.

**NOW, THEREFORE**, it is accordingly **ORDERED**, **ADJUDGED AND DECREED** that Adams and her representative, agents, servants, employees, independent contractors, entities she controls, including Precise Tax, D&S Tax Service, attorneys, and all persons in active concert or participation with her who receive notice of this Order are enjoined under 26 U.S.C. §§7402, 7404, and 7408 from directly or indirectly:

1. Acting as a federal income tax return preparer or otherwise preparing or assisting in preparing any federal tax return, amended return, or claim for refund, for any person or entity other than herself (or her spouse, if filing a joint return);

2. Engaging in any conduct subject to penalty under 26 U.S.C. §6694, i.e., preparing any part of a return or claim for refund that includes an unrealistic position;

3. Engaging in any conduct that interferes with the proper administration or enforcement of the internal revenue laws;

4. Providing any tax advice or services to any person or entity, including providing electronic filing or tax consulting services to customers or representing customers before the Internal Revenue Service;

5. Engaging in conduct subject to penalty under 26 U.S.C. §6701, including preparing, assisting, or advising in the preparation of a document related to a matter material to the internal revenue laws that she knows will (if used) result in an understatement of another person's tax liability;

6. Instructing, advising, or assisting, other persons to understate their federal tax liabilities, and

7. Misrepresenting any of the terms of this Order.

**IT IS FURTHER ORDERED** that Clerk of Court is hereby **DIRECTED** to mail copies of this Order to:

>Jonathan D. Carroll
>Trial Attorney, Tax Division
>U.S. Department of Justice
>P.O. Box 227, Ben Franklin Station
>Washington, D.C.   20044
>
>Demetria S. Adams
>2520 Lane Crest Drive

Number 6
Charlotte, NC 28215

**IT IS SO ORDERED.**

Signed: December 2, 2008

Martin Reidinger
United States District Judge